# Order

Michigan Supreme Court
Lansing, Michigan

January 27, 2021

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

161605

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

GERALD LYNN ALLEN,
      Defendant-Appellant.

SC: 161605
COA: 342999
Saginaw CC: 17-043735-FC

_____/

On order of the Court, the application for leave to appeal the March 17, 2020 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE Part III.B.2 of the judgment of the Court of Appeals and we REMAND this case to that court for reconsideration of the defendant's ineffective assistance of counsel claim, based on trial counsel's failure to call witnesses, under the correct standard. The Court of Appeals erred in holding that "[b]ecause Allen was not deprived of a substantial defense, trial counsel's decision not to call Dr. Hicks and Dr. Defriez as witnesses at trial did not fall below an objective standard of reasonableness and counsel was not ineffective in this respect." *People v Allen*, ___ Mich App ___ (2020), slip op p 10. The defendant was not required to show, in order to obtain relief for ineffective assistance of counsel, that trial counsel's failure to call witnesses deprived him of a substantial defense. Rather, a claim of ineffective assistance of counsel premised on the failure to call witnesses is analyzed under the same standard as all other claims of ineffective assistance of counsel, i.e., a defendant must show that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51 (2012); see also *Strickland v Washington*, 466 US 668 (1984). On remand, the Court of Appeals shall resolve the defendant's claim of ineffective assistance of counsel under this standard. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 27, 2021



Clerk

s0120